# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Case No. 25-70001(JAD) |
| WILSON CREEK ENERGY, LLC, et al.,[1] | Chapter 11 |
| Debtors. | Jointly Administered |
| CB Mining, Inc. and Cleveland Brothers Equipment Co | Document No. |
| Movants, | Related to Doc. No. 193 |
| | Hearing Date: March 12, 2025 |
| v. | Hearing Time: 9:00 a.m. |
| No Respondent(s), | Response Deadline: February 24, 2025 |
| Respondent. | |

**RESERVATION OF RIGHTS BY CLEVELAND BROTHERS EQUIPMENT CO., INC AND CB MINING, INC. WITH RESPECT TO PROPOSED SALE OF THE DEBTORS' ASSETS AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Cleveland Brothers Equipment Co., Inc. ("Cleveland Brothers") and CB Mining, Inc. ("CB Mining," and together with Cleveland Brothers, the "CB Entities") hereby submit this Reservation of Rights with respect to the proposed sale (the "Sale") of the above-captioned debtors' (the "Debtors") assets and the potential assumption and assignment of any executory contract or unexpired lease the Debtors have with either of the CB Entities. In support hereof, the CB Entities respectfully state as follows:

### The CB Entities' Relationship with the Debtors

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Wilson Creek Energy, LLC (6202); Wilson Creek Holding, Inc. (7733); Maryland Energy Resource, LLC (5299); Mincorp Acquisition Corp. (4858); Mincorp Inc. (5688); PBS Coals, Inc. (2413); Roxcoal, Inc. (3768); Quecreek Mining, Inc. (1745), Croner, Inc. (0529); Elk Lick Energy, Inc. (8551); and Corsa Coal Corp. (0027). The Debtors' address is 1576 Stoystown Road, Friedens, Pennsylvania 15541.

#4440156v3

1

1. Both prior to the Debtors' bankruptcy filings and during the post-petition period, the CB Entities have provided certain of the Debtors (the "Contracting Debtors") with needed parts, services, leased equipment, and software.

2. Specifically, Cleveland Brothers has provided leased generators to Debtor Wilson Creek Energy, LLC ("Wilson Creek"), and has provided leased generators, parts, maintenance services, and licensed software (the "Cleveland Brothers Software") to Debtor PBS Coals, Inc. ("PBS Coals"). These goods and services were provided pursuant to certain rental agreements, a maintenance agreement, and a software subscription agreement (the "Software Agreement"), some or all of which qualify as executory contracts under section 365 of the Bankruptcy Code (collectively, the "Cleveland Brothers Agreements").

3. Likewise, CB Mining has provided, and may continue to provide, needed parts and services to Wilson Creek, and also to Debtor Roxcoal, Inc. pursuant to certain agreements that qualify as executory contracts pursuant to section 365 of the Bankruptcy Code (the "CB Mining Agreements").

**The Proposed APA and Contract Assumption and Assignment Notice**

4. On January 28, 2025, the Court entered an order (the "Bid Procedures Order")[2] approving the Debtors' proposed bid procedures in connection with the Sale. Attached to the Bid Procedures Order at Exhibit 2 is the Proposed APA that is to serve as the "initial form of definitive agreement for negotiation by and between the Debtors and any Potential Bidder." Bid Procedures Order at ¶L.

5. Pursuant to the approved bid procedures, on February 3, 2025 the Debtors filed a

---

[2] D.I. 193. Capitalized terms used herein but not defined shall have the meaning given to them in the Bid Procedures Order.

Contract Assumption and Assignment Notice, identifying those Executory Contracts potentially subject to assumption and assignment in connection with the Sale, as well as the related Cure Costs.  If no Cure Cost is listed for a particular agreement, the asserted Cure Cost for such agreement is deemed to be $0.00.  Bid Procedures Order at ¶19.

6. The Contract Assumption and Assignment Notice lists an "Installment Sales Contract" purportedly between Cleveland Brothers and Wilson Creek.  There is no asserted Cure Cost listed for this purported agreement, and therefore under the Bid Procedures Order it is deemed to be $0.00.

7. Cleveland Brothers does not have any record of an Installment Sales Contract with Wilson Creek or any other Debtor, and therefore is unaware as to what agreement the Contract Assumption and Assignment Notice is referring, if any.  To the extent the Installment Sales Contract is intended to identify one of the existing Cleveland Brothers Agreements, clarification is required.

8. As it stands, however, none of the Cleveland Brothers Agreements nor the CB Mining Agreements are listed in the Contract Assumption and Assignment Notice, to the CB Entities' surprise given the Contracting Debtors' ongoing need for the parts, services, equipment and Software the CB Entities provide pursuant to their agreements with the Contracting Debtors.[3]

9. Nonetheless, under the Bid Procedures Order, the Debtors retain the right to file an Amended Contract Assumption and Assignment Notice to include additional executory contracts or unexpired leases they may wish to assume, or to modify the previously stated Cure

---

[3] As noted, the CB Entities have continued to provide certain of the Contracting Debtors with needed parts, services, equipment, and/or software post-petition, and therefore possess and will assert an administrative claim for all amounts unpaid in connection therewith.

Costs associated with any Executory Contract. Bid Procedures Order at ¶22.[4] In the event of such amendment, Counterparties have 14 days to object.

10. The CB Entities therefore recognize that the Debtors may in the future designate one or more agreements with one or both of the CB Entities as being subject to potential assumption in connection with the Sale or another sale transaction.

## Reservation of Rights

11. The CB Entities look forward to working with the Debtors and/or any assignee of the Debtors' contracts with the CB Entities. The CB Entities file this Reservation of Rights, however, to preserve their rights to object to any future Amended Contract Assumption and Assignment Notice that impinges on their rights under the Bankruptcy Code as an Executory Contract Counterparty.

12. In order for the Debtors to assume any contracts with the CB Entities, all defaults through the date of assumption (the "Assumption Date") must be paid, including all pre-petition and post-petition amounts in default. *See, e.g. In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Liljeberg Eners., Inc.*, 304 F.3d 410 (5th Cir. 2002); *In re Overland Park Fin. Corp.*, 236 F.3d 1246 (10th Cir. 2001). Moreover, it is well-settled that where a debtor-in-possession elects to assume an executory contract under section 365 of the Bankruptcy Code, it assumes the contract *cum onere*; that is, the debtor may only assume the entire contract, with all of the benefits, burdens and obligations attendant thereto. *See, e.g., N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 531-32 (1984) (holding that, "[s]hould the debtor-in-possession elect to assume the executory contract, however, it assumes the contract *cum onere* . . . and the

---

[4] Section 2.5(b) of the Proposed APA also provides that "Purchaser may, from time to time in its discretion, at any time prior to Closing amend or revise, in writing, its designations of Assumed Agreements or Excluded Agreements, pursuant to Section 2.5(a), provided that any such designation be made consistent with any Bidding Procedures Order."

expenses and liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate").

13. To the extent the Debtors seek to assume any of the Cleveland Brothers Agreements or the CB Mining Agreements, the CB Entities will object to the assumption of any of their agreements with the Debtors unless all defaults through the Assumption Date are satisfied (the "Required Cure Costs").[5] In the event such objection is made, absent consensual resolution by the parties, the Court will need to determine the amount of the Required Cure Costs.

14. Here, however, the Proposed APA does not recognize or provide for that determination. Section 2.3(b) provides that the Purchaser will assume, *inter alia*, "the Cure Costs for each Assumed Agreement up to the amount for such Assumed Agreement set forth in Schedule 2.3(b)." The section then provides the scope of Cure Costs by defining "Assumed Cure Costs" to mean "the amount of Cure Costs for any given Assumed Agreement up to the amount set forth on such Schedule [2.3(b)], or as otherwise agreed upon by, among the Purchaser, the Seller, and any applicable Additional Seller, and the counterparty to any Assumed Agreement."

15. The CB Entities object to this provision of the Proposed APA, as it does not provide for the possibility that, absent the correct amount being set forth on Schedule 2.3(b) or the agreement of the relevant parties, the Assumed Cure Costs will be the amount determined

---

[5] Although the CB Entities believe the Required Cure Costs are predictable and require relatively straight-forward calculations, because such assumption would occur at a future date, it is impossible for Cleveland Brothers or CB Mining to know at this time what post-petition defaults might exist under any such agreements on the Assumption Date, and therefore what the Required Cure Costs will be.

by this Court.[6]  In the event the Required Cure Costs must be determined by this Court, the Debtors and the Purchaser can then make a determination as to whether they still wish to have the agreement assumed upon payment of such Required Cure Costs.  The current language of the Proposed APA, however, does not provide for such Court-imposed resolutions.

16. Finally, as noted above, Cleveland Brothers provides PBS Coals with the Cleveland Brothers Software pursuant to the Software Agreement.  Among the Purchased Assets set forth in section 2.1 of the Proposed APA is "Software," which is defined to mean "the software set forth on Schedule 1.1(d) and any other software that is used or held for use primarily in the conduct of the Business, provide that the Software will not include any Contract."  The Cleveland Brothers Software is licensed to PBS Coals through the Software Agreement, and therefore the Purchaser's acquisition of PBS Coal's right to use such Software can only occur by assumption and assignment of the Software Agreement, after all Required Cure Costs have been satisfied.

17. The CB Entities believe that the above-outlined defects can easily be addressed with clarifying language in any order approving the Sale.  In the event the Debtors elect to assume any of their agreements with either of the CB Entities, however, the CB Entities reserve all rights to object to such assumption on the aforestated grounds.

**Remainder of page intentionally left blank.**

---

[6] The CB Entities recognize that the definition of "Cure Costs" in the Proposed APA provides that all monetary liabilities required to cure all defaults under the Assumed Agreements may be "determined by the Bankruptcy Court or approved pursuant to the assignment and assumption procedures provided for in the Bidding Procedures Order or herein."  However, the subsequent use and definition of the term Assumed Cure Costs operates to improperly narrow the definition of Cure Costs to omit the concept of Court determination.

|  |  |
|---|---|
| Dated: February 24, 2025 | s/Brian C. Thompson<br>Brian C. Thompson, Esquire<br>PA BAR ID# 91197<br>Thompson Law Group, P.C.<br>301 Smith Drive, Suite 6<br>Cranberry Township, PA 16066<br>Telephone: 724-799-8404<br>bthompson@thompsonattorney.com<br><br>and<br><br>PASHMAN STEIN WALDER HAYDEN P.C.<br><br>Henry J. Jaffe<br>Michael J. Custer<br>824 North Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Email:  hjaffe@pashmanstein.com<br>mcuster@pashmanstein.com<br><br>Katherine R. Beilin<br>21 Main Street, Suite 200<br>Hackensack, NJ 07601<br>Telephone: (201) 270-5477<br>Email:  kbeilin@pashmanstein.com<br><br>*Counsel for Cleveland Brothers Equipment Co., Inc. and CB Mining, Inc.* |

#4440156v3

7