**IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re:<br><br>**WILSON CREEK ENERGY, LLC,** *et al.,*[1]<br><br>Debtors. | Case No.: 25-70001-JAD<br><br>**Chapter 11**<br>*Jointly Administered*<br><br>Related to ECF No. 593 | FILED<br>6/18/25 3:08 pm<br>CLERK<br>U.S. BANKRUPTCY<br>COURT - WDPA |
| **WILSON CREEK ENERGY, LLC,** *et al.,*<br><br>Movants,<br><br>v.<br><br>NO RESPONDENTS. | | |

**ORDER (I) DISMISSING THE CHAPTER 11 CASES; (II) EXCULPATING CERTAIN PARTIES FROM LIABILITY IN CONNECTION WITH THE CHAPTER 11 CASES; (III) TERMINATING ENGAGEMENT OF CLAIMS AGENT; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for entry of an order (i) dismissing the Debtors' chapter 11 cases (collectively, these "Chapter 11 Cases"); (ii) exculpating certain parties in connection with the Chapter 11 Cases; (iii) terminating the services of Omni Agent Solutions, Inc., as claims and noticing agent (the "Claims Agent") in these Chapter 11 Cases; and (iv) granting related relief, pursuant to sections 105(a), 305(a), 349 and 1112(b) of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Wilson Creek Energy, LLC (6202); Wilson Creek Holdings, Inc. (7733); Maryland Energy Resources, LLC (5299); Mincorp Acquisition Corp. (4858); Mincorp Inc. (5688); PBS Coals, Inc. (2413); Roxcoal, Inc. (3768); Quecreek Mining, Inc. (1745), Croner, Inc. (0529); Elk Lick Energy, Inc. (8551); and Corsa Coal Corp. (0027). The Debtors' address is 1576 Stoystown Road, Friedens, Pennsylvania 15541.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Code, Bankruptcy Rule 1017(a), and Local Rule 1017-2; and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and after due deliberation thereon and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED IN PART** as set forth herein.

2. The objection of the U.S. Trustee to the request for exculpation of non-fiduciaries of the bankruptcy estate is sustained. All other objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice, except as may be modified by this Order.

3. Pursuant to sections 1112(b), 305(a), and 105(a) of the Bankruptcy Code, each of the Chapter 11 Cases are hereby dismissed effective as of the date of entry of this Order.

4. The Clerk of the Court shall enter this Order individually on each of the dockets of the Chapter 11 Cases and, after fourteen (14) days from the entry of this Order unless a notice of appeal is filed, or an objection is filed in accordance with Paragraph 11 of this Order, mark each docket as "Closed."

5. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases,

stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Chapter 11 Cases or any related adversary proceeding, including, without limitation, the Sale Orders, the DIP Orders, and the Wind Down Stipulations, shall remain final and in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Cases, and are specifically preserved for all preclusive purposes, including, without limitation, collateral estoppel and *res judicata*.

6. Within ten (10) business days of entry of this Order, the Debtors shall remit all accrued and unpaid fees owed to the Office of the United States Trustee.

7. From and after the date of entry of this Order, the Debtors, their directors, officers and employees of the Debtors who served during any portion of these Chapter 11 Cases, and the Debtors' professionals retained in these Chapter 11 Cases, the Committee and the Committee's professionals retained in these Chapter 11 Cases (each an "Exculpated Party"), shall be exculpated from any liability for any act taken or omitted to be taken in good faith from the Petition Date through the date of entry of this Order in connection with or related to the Chapter 11 Cases, including but not limited to, the implementation of this Order (other than an act in contravention of this Order), except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such Exculpated Party. This paragraph shall not apply to the potential liabilities of the Debtors, their directors, officers or employees in connection with environmental obligations associated with the Debtors' mining operations.

While the Court approves exculpation protection of estate fiduciaries acting within the scope of their fiduciary status, the Court declines to extend exculpation protections to the either Debtors' DIP Lender and Key Bank, and their respective professionals. Exculpation is appropriate only for estate fiduciaries—such as the Debtors, their directors and officers acting within the scope of their duties, and the statutory committees and their professionals— who have served in roles integral to the administration of the estate and acted pursuant to statutory authority or court appointment. See In re PWS Holding Corp., 228 F.3d 224, 246–47 (3d Cir. 2000); In re Washington Mutual, Inc., 442 B.R. 314, 350–51 (Bankr. D. Del. 2011); In re Roman Cath. Diocese of Syracuse, New York, 667 B.R. 628, 637 (Bankr. N.D.N.Y. 2024). The DIP Lender, Key Bank, and their professionals acted to advance their own contractual and economic interests in these cases and do not stand in the position of estate fiduciaries.

At oral argument, counsel candidly acknowledged that there is no express textual provision in the Bankruptcy Code authorizing the Court to grant exculpation to these non-estate fiduciaries. This Court may not, under the guise of equity, extend relief that the Bankruptcy Code does not authorize. See Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."). The Court is not empowered to re-write the Code or supply non-consensual relief that Congress did not authorize, and on this basis the request to exculpate the non-estate fiduciaries is denied.

8.    Entry of this Order is without prejudice to (a) the rights of the

Debtors or any other party in interest to seek to reopen the Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the right of the Debtors or any other parties in interest to dispute, object to or resolve all claims that were filed against the Debtors in the Chapter 11 Cases.

9. Upon entry of this Order, the Claims Agent is relieved of its responsibilities in these Chapter 11 Cases; *provided*, *however*, that the Claims Agent shall provide the services described in this paragraph. Within fourteen (14) days of entry of this Order, the Claims Agent shall: (i) prepare final claims registers for the Clerk's Office pursuant to any current guidelines for implementing 28 U.S.C. § 156(c); (ii) box and transport all claims to the Clerk's Office; and (iii) to the extent not already uploaded, upload the creditor mailing list into CM/ECF. Should the Claims Agent receive any mail regarding the Chapter 11 Cases after entry of this Order, the Claims Agent shall collect and forward such mail monthly, to counsel for the Debtors; *provided*, *however*, that the Claims Agent is authorized to destroy any undeliverable mail, correspondence, or other documents that it has in its possession related to the Debtors, other than the mail referenced in this paragraph.

10. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or relating to the implementation of any motion filed or order of this Court entered in these Chapter 11 Cases, including, without limitation, the Sale Orders, and to rule on the allowance of the interim and final compensation of professionals retained in these Chapter 11 Cases.

11. All orders allowing and approving the Final Fee Applications shall

remain in full force and effect and shall not be subject to any further objection, challenge, contest, or dispute provided, however, the Office of the United States Trustee (the "U.S. Trustee") shall have a period of ten (10) days from the filing of any supplemental fee and expense request (a "Supplemental Fee Application") to: (i) review the Supplemental Fee Application; ii) request any additional information from Retained Professionals (as defined herein) relating to the Supplemental Fee Application, and the Retained Professionals shall use good faith and commercially reasonable efforts to satisfy such requests; and (iii) in the event the U.S. Trustee and Retained Professional are unable to resolve any issues raised by the U.S. Trustee, file an objection to the Supplemental Fee Application. The Retained Professionals and U.S. Trustee agree to seek an expedited hearing before the Court in the event the U.S. Trustee files an objection to the Supplemental Fee Application. Notwithstanding this Order, the rights of all interested parties to object to any Supplemental Fee Application within ten (10) days from the filing of any Supplemental Fee Application are preserved. Within two business days of payment of all fees approved by Final Fee Applications, including, without limitation, any and all approved Post-Dismissal fees and costs, all funds remaining in the Professional Fee Weekly Escrow (as defined at ECF No. 581) shall be distributed to KeyBank.

12. From and after the entry of this Order, the Debtors, and any of their respective directors, officers, employees, managers, attorneys, consultants and advisors shall neither have nor incur any liability to any person for any act taken or omitted, or to be taken, in connection with the preparation, filing, or

prosecution of the Chapter 11 Cases including, but not limited to, seeking and effectuating the dismissal of the Chapter 11 Cases and implementation or consummation of this Order. This paragraph shall not apply to the potential liabilities of the Debtors, their directors, officers or employees in connection with environmental obligations associated with the Debtors' mining operations.

13. The Debtors shall continue to comply with the current Wind Down Budget (as defined at ECF No. 581) and all cash not spent pursuant to the Wind Down Budget and/or otherwise agreed and approved pursuant to the Second Cash Collateral Stipulation, shall be disbursed to KeyBank.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

BY THE COURT:

Dated: June 18, 2025

jsf

Jeffery A. Deller, Judge
United States Bankruptcy Court